```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 Civil No. 10-1216(DSD/FLN)
```

Lazaro Despaigne Borrero,

       Plaintiff,

v.                                              **ORDER**

United States of America, and
United States District Court
District of Minnesota,

       Defendants.

This matter is before the court upon the pro se objection of plaintiff Lazaro Despaigne Borrero ("Borrero") to the May 26, 2010, report and recommendation of United States Magistrate Judge Franklin L. Noel. Prior to issuing the report and recommendation, the magistrate judge denied Borrero's motion for leave to proceed in forma pauperis ("IFP") on April 20, 2010, on the basis that Borrero, a federal prison inmate, is barred from proceeding IFP under 28 U.S.C. § 1915(g). In addition, the magistrate judge directed Borrero to pay the full $350 filing fee prescribed by 28 U.S.C. § 1914(a). Borrero appealed, and on May 7, 2010, the undersigned affirmed the magistrate judge's April 20, 2010, order in its entirety. Thereafter, Borrero did not pay the $350 filing fee. The magistrate judge now recommends that the court deny Borrero's April 9, 2010, motion for appointment of counsel and summarily dismiss this action without prejudice due to Borrero's failure to pay the filing fee. Borrero objects.

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). Borrero objects to the court's application of 28 U.S.C. § 1915(g). As explained in the court's May 7, 2010, order, § 1915(g) - also known as the "three strikes rule" - bars prisoners from proceeding IFP who have previously filed three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The court has determined that § 1915(g) applies to Borrero. (See Order [Doc. No. 7].) Borrero now argues, however, that the three strikes rule violates his constitutional rights by preventing him from accessing the court to adjudicate his claims. The Eighth Circuit, however, has expressly determined that 28 U.S.C. § 1915(g) does not violate a prisoner's fundamental right to access the courts. See Higgins v. Carpenter, 258 F.3d 797, 799 (8th Cir. 2001) (citation omitted). In addition, the Eighth Circuit has held that the three strikes rule "is rationally related to a legitimate government interest and does not violate equal protection." Id. at 801 (citation omitted). Therefore, Borrero's arguments fail.

Accordingly, based upon the above, **IT IS HEREBY ORDERED** that:

1. The magistrate judge's report and recommendation [Doc. No. 8] is adopted in its entirety;

2.	Plaintiff's motion for appointment of counsel [Doc. No. 3] is denied;

3.	Plaintiff's motion for leave to appeal in forma pauperis [Doc. No. 12] is denied based upon the court's determination that plaintiff is barred from proceeding IFP by 28 U.S.C. 1915(g), and;

4.	This action is summarily dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 16, 2010

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court